UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| LLOYD BARRETT, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) Case No. 4:18-cv-00004-JM |
| EXPRESS COURIER | ) |
| INTERNATIONAL, INC., | ) |
| | ) |
| Defendant. | ) |

**JOINT MOTION TO TRANSFER VENUE TO FINALIZE SETTLEMENT**

Plaintiffs and Defendants, by and through their respective attorneys, submit the following Joint Motion to Transfer Venue to Finalize Settlement:

## I.    BACKGROUND

Plaintiffs' claims were filed in this Court following decertification of a conditionally certified collective action under Section 216(b) of the Fair Labor Standards Act ("FLSA"), in a case styled *Harris v. Express Courier Int'l., Inc.*, No. 5:16-cv-5033-TLB (W.D. Ark.). The Plaintiffs in this case are former opt-in plaintiffs in the *Harris* case.

This case is one of a group of thirteen cases pending in thirteen different courts, with a total of over 700 plaintiffs (collectively, the "Mass Actions"). Those cases are listed here:

   A. *Arroyo v. Express Courier Int'l., Inc.*, No. 4:18-cv-10-KH (S.D. Tex.);

   B. *Barber v. Express Courier Int'l., Inc.*, 4:18-cv-10-JAR (E.D. Mo.);

   C. *Nicks v. Express Courier Int'l., Inc.*, 4:18-cv-30-JED-FHM (N.D. Okla.);

   D. *Acklin v. Express Courier Int'l., Inc.*, 3:18-cv-28 (M.D. Tenn.);

E. *Carter v. Express Courier Int'l., Inc.*, 4:19-cv-1124 (S.D. Tex.);

F. *Anderson v. Express Courier Int'l., Inc.*, 3:18-cv-11 (N.D. Miss.);

G. *Barrett v. Express Courier Int'l., Inc.*, 4:18-cv-4-JM (E.D. Ark.);

H. *Brandon v. Express Courier Int'l., Inc.*, 3:18-cv-128-DCC (D. S.C.);

I. *Beckman v. Express Courier Int'l., Inc.*, 5:18-cv-11-TBR (W.D. Ky.);

J. *Ryte v. Express Courier Int'l., Inc.*, 1:18-cv-186-LMM (N.D. Ga.);

K. *Baker v. Express Courier Int'l., Inc.*, 4:18-cv-48-MW-CAS (N.D. Fla.);

L. *Bascomb v. Express Courier Int'l., Inc.*, 2:18-cv-64-KOB (N.D. Ala.); and

M. *Allen v. Express Courier Int'l., Inc.*, 3:18-cv-28-MOC-DSC (W.D. N.C.).

Plaintiffs in each of the Mass Actions allege causes of action under the FLSA for overtime and/or minimum wages; some plaintiffs also allege violations of state minimum wage laws.

## II. SETTLEMENT

On January 21, 2019, the Parties mediated the Mass Actions before mediator Hunter Hughes III in Atlanta, Georgia.

As a result of mediation, Plaintiffs and Defendants have agreed to settle the Mass Actions. The Parties have agreed to the terms of a global settlement, which covers this case and the other Mass Actions. Defendants and the parties' counsel signed the settlement agreement on January 13, 2020. Plaintiffs' counsel have retained a third-party settlement administrator to facilitate signatures from Plaintiffs.

In an effort to maximize the efficient use of judicial resources and minimize the costs associated with settlement administration, the Parties have jointly agreed that it is in their mutual best interests to seek to transfer the Mass Actions to a single court. Accordingly, the Parties have agreed to request transfer of the Mass Actions to the United States District Court for the Southern District of Texas, Houston Division ("the Houston Division"), to finalize the Parties' settlement agreement and dismiss the actions.

### III. ARGUMENT AND AUTHORITIES

In an effort to conserve judicial resources and decrease administration costs and attorney time, the Parties jointly move this Court to transfer this action to the Houston Division, consistent with their obligations under Rule 1, which encourages courts and parties "to secure the just, speedy, and inexpensive determination of every action and proceeding." Under 28 U.S.C. Section 1404(a), "a district court may transfer any civil action to . . . any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The purpose of this transfer statute is to promote "the interest of justice," 28 U.S.C. § 1404(a), which includes conservation of judicial resources and reduction of costs and attorney time.

This action could have originally been brought in the Houston Division. Indeed, one of the largest of the Mass Actions, *Arroyo v. Express Courier International, Inc.*, 4:18-cv-00010, with more than 100 plaintiffs, is already pending there before The Honorable Judge Kenneth Hoyt, where LSO has conceded personal jurisdiction. *See* 28 U.S.C. section 1391(c) (for purposes of venue, a corporation resides anywhere it is

subject to personal jurisdiction). Another of the Mass Actions originally filed in the Eastern District of Louisiana, *Carter v. Express Courier Int'l., Inc.*, 4:19-cv-1124 (S.D. Tex.), has been transferred to the Houston Division, Therefore, transfer to the Houston Division is appropriate.

Moreover, transferring venue under Section 1404(a) would serve the interests of justice and convenience of the parties. The Parties are contemporaneously moving to transfer each of the Mass Actions to the Houston Division, which will allow the parties to obtain any necessary review and obtain dismissal of the Mass Actions in one district court, conserving judicial and attorney resources. The Parties agree that transfer to the Houston Division will reduce the burden across multiple district courts, speed the process of approval of the settlement terms, and reduce the costs associated with settlement administration and dismissal of the Mass Actions.

Additionally, transfer would greatly reduce the expenses associated with this litigation to the benefit of the Parties, since the Parties have lead attorneys who are licensed in Texas, eliminating the need for further coordination and fees associated with local counsel in each of the Mass Actions.

Finally, transfer of this case is warranted to avoid the potential for duplicative consideration of the identical issue of whether the parties' global settlement agreement should be judicially approved. *See Meterlogic, Inc. v. Copier Solutions, Inc.*, 185 F. Supp. 2d 1292, 1301-02 (S.D. Fla. 2002) (in determining whether transfer is in the interest of justice, courts should consider whether there is a potential for "duplicative litigation" that would lead to "wastefulness of time, energy, and money").

WHEREFORE, Plaintiffs respectfully request this Court to transfer this case to the United States District Court for the Southern District of Texas, Houston Division, for consideration of the parties' settlement agreement and subsequent dismissal.

Respectfully submitted,

| | |
|---|---|
| */s/ Josh Sanford* <br> Josh Sanford <br> josh@sanfordlawfirm.com <br> Joshua West <br> west@sanfordlawfirm.com <br> SANFORD LAW FIRM, PLLC <br> One Financial Center <br> 650 S. Shackleford Road, Suite 411 <br> Little Rock, Arkansas 72211 <br> Telephone: (501) 221-0088 <br> Facsimile: (888) 787-2040 <br><br> **ATTORNEYS FOR PLAINTIFFS** | */s/ Emily A. Quillen* <br> Emily A. Quillen <br> equillen@scopelitis.com <br> *Admitted Pro Hac Vice* <br> SCOPELITIS GARVIN LIGHT <br>    HANSON & FEARY, P.C. <br> 777 Main Street, Suite 3450 <br> Fort Worth, Texas 76102 <br> Telephone: (817) 869-1700 <br> Facsimile: (817) 878-9472 <br><br> Andrew J. Butcher <br> abutcher@scopelitis.com <br> *Admitted Pro Hac Vice* <br> SCOPELITIS, GARVIN, LIGHT, <br>    HANSON & FEARY <br> 30 W Monroe Street, Suite 600 <br> Chicago, IL 60603 <br> Telephone: (312) 255-7172 <br> Facsimile: (312) 422-1224 <br><br> Adam C. Smedstad <br> *Admitted Pro Hac Vice* <br> asmedstad@scopelitis.com <br> SCOPELITIS GARVIN LIGHT <br>    HANSON & FEARY <br> 3214 W. McGraw St., Ste. 301F <br> Seattle, WA  98199 <br> Telephone: (206) 288-6192 <br> Facsimile: (206) 299-9375 <br><br> Kerri E. Kobbeman, ABA No. 2008149 <br> kkobbeman@cwlaw.com <br> CONNER & WINTERS, LLP <br> 4375 North Vantage Drive, Suite 405 <br> Fayetteville, AR 72703 <br> Tel: (479) 582-5711 <br><br> **ATTORNEYS FOR DEFENDANTS** |